

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 4, 2008

Michael Bourbeau, Esq.
77 Central Street, 2nd Floor
Boston, MA 02109

> Re: United States v. Desmond Dinesh Frank,
> Criminal Number 07-10382-PBS

Dear Sir:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Desmond Dinesh Frank ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date Defendant shall plead guilty to all six counts of the above-captioned Indictment. Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Six of the Indictment; did so knowingly and willfully; and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties for each count of the Indictment:

Counts One and Two - Conspiracy, in violation of 18 U.S.C. §371: five years imprisonment, a $250,000 fine, three years supervised release, and a $100 mandatory special assessment, on each count;

Count Three - Unlawful Export of Defense Articles, in violation of 22 U.S.C. §§2778(b)(2) and 2778(c), 22 C.F.R. §§121.1, 123.1 and 127.1(a)(1), and 18 U.S.C. §2: ten years imprisonment, $1,000,000 fine, three years supervised release, and a $100 mandatory special assessment;

Count Four - Smuggling of Goods from the United States, in violation of 18 U.S.C. §§ 554 and 2: ten years imprisonment, a $250,000 fine, three years supervised release, and a $100 mandatory special assessment;

Counts Five and Six - Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2: twenty years imprisonment, a $500,000 fine, 3 years supervised release, and a $100 mandatory special assessment, on each count;

Forfeiture.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder.  The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine.   In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties have no agreement with reference to the calculation under the United States Sentencing Guidelines or the applicability of the factors set forth in 18 U.S.C. §3553(a). However, the U.S. Attorney will take the following position:

a.   The base offense level for the export violations involving the Arms Export Control Act, that are set forth in Counts Two through Four, is found in U.S.S.G. §2M5.2, and the offense level for money laundering set forth in Counts Five and Six is found in §2S1.1.  The offenses are grouped pursuant to U.S.S.G. §3D1.2(c). See Application Note 6 to §2S1.1.

b.   Pursuant to §2S1.1(a)(1), the base offense level for money laundering is determined by the offense level for the for the underlying offense.  In this case, the underlying offenses are the export violations. Pursuant to §2M5.2, the base offense level is 26. Pursuant to §2S1.1(b)(2)(B), 2 levels are added because the defendant is charged with a violation of 18 U.S.C. §1956.  This results in a total offense level of 28.

c.   The base offense level for the conspiracy to violate the International Emergency Economic Powers

2

Act, that is set forth in Count One, is found in
U.S.S.G. §2M5.1.  Because the trade restrictions with
Iran are based on "national security controls,"
pursuant to §2M5.1(a)(1), the base offense level is 26.

d.    The offenses are not grouped, because the offenses
involved different products, to different intended
recipients, and different coconspirators.  Thus,
pursuant to §3D1.4, the total offense level is 30.

The U.S. Attorney reserves the right to oppose Defendant's
argument(s) for a departure or a sentence outside the Guidelines
under the factors set forth in 18 U.S.C.§ 3553(a).

Based on Defendant's prompt acceptance of personal
responsibility for the offenses of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by three
levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under USSG §3E1.1 if, at any time between
his execution of this Agreement and sentencing Defendant:

> (a)  Fails to admit a complete factual basis for the
>       plea;
>
> (b)  Fails to truthfully admit his conduct in the
>       offenses of conviction;
>
> (c)  Falsely denies, or frivolously contests, relevant
>       conduct for which Defendant is accountable under
>       USSG §1B1.3;
>
> (d)  Fails to provide truthful information about his
>       financial status;
>
> (e)  Gives false or misleading testimony in any
>       proceeding relating to the criminal conduct
>       charged in this case and any relevant conduct for
>       which Defendant is accountable under USSG §1B1.3;
>
> (f)  Engages in acts which form a basis for finding
>       that Defendant has obstructed or impeded the
>       administration of justice under USSG §3C1.1;
>
> (g)  Intentionally fails to appear in Court or violates
>       any condition of release;
>
> (h)  Commits a crime;

3

> (i)   Transfers any asset protected under any provision
>       of this Agreement; and/or
>
> (j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.   Sentence Recommendation

The parties have no agreement regarding the sentence recommendations that will be made at sentencing except as provided in paragraphs 3 and 9b herein.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing.  Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

7.   Waiver of Rights to Appeal and to Bring Collateral Challenge

a.   Defendant has conferred with his attorney and understands that he has the right to challenge both his

4

conviction and his sentence on direct appeal.  Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

b.    The defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

c.    Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to either USSG §5K1.1 or 18 U.S.C. §3553(e) and does, in fact, depart downward on that basis, he will not file a direct appeal nor collaterally challenge any sentence imposed.

d.    This Agreement does not affect the rights  of the United States as set forth in 18 U.S.C. §3742(b).  Defendant expressly  acknowledges that he understands the U.S. Attorney has retained his appeal rights.

8.    Other Post-sentence Events

a.    In the event that, notwithstanding the waiver provision of ¶7, Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶7).

b.    If notwithstanding the waiver provision of ¶7, the defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of the defendant's original sentencing.  Thus, for example, the defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing.

c.    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney  reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

9.    Cooperation

a.    Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement

agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

b. Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, he will file a motion under USSG §5K1.1 to allow the Court to impose a sentence below the applicable Guideline Sentencing Range.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG §5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and

candor detailed in paragraph 9a above, or engages in any criminal
conduct after the date he signs this Agreement.  Defendant may
not withdraw his plea if the U.S. Attorney determines that
Defendant has not rendered substantial assistance, or if the
Court refuses to grant the U.S. Attorney's motion for a downward
departure.

c.    Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all
the provisions of paragraphs 9a. and 9b. above, the U.S. Attorney
will advise the sentencing judge of the full nature, extent and
value of the assistance provided by Defendant.  In addition, the
U.S. Attorney reserves the right to recommend a particular
sentence or sentencing range, or to make no recommendation at
Defendant's sentencing.

10.    Court Not Bound by Agreement

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.  Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may
not withdraw his plea of guilty regardless of what sentence is
imposed.  Nor may Defendant withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

11.    Forfeiture

Defendant will forfeit to the United States any and all
assets subject to forfeiture pursuant to 18 U.S.C. §§981-982, 22
U.S.C. §401, and 28 U.S.C. §2461 as a result of his guilty plea.
The assets to be forfeited include, but are not limited to, cash,
stocks, bonds, certificates of deposit, tangible and intangible
personal property and real estate.

The assets to be forfeited specifically include, without
limitation, the following: (1) eighty four thousand, two hundred,
seventy five dollars ($84,275) and (2) ten indicators, servo
driven tachometers bearing part numbers 2022701-01, 2022706-02,
and 2022706-03.  Defendant admits that the $84,275 was involved

in the violations of 18 U.S.C. §1956, charged in Counts Five and Six, and is therefore subject to forfeiture pursuant to 18 U.S.C. §982(a)(1).  The Defendant further admits that the indicators constitute defense articles and property involved in violations of 22 U.S.C. §2278, and 18 U.S.C. §§ 371 and 554, charged in Counts Two-Four.  The Defendant agrees that these indicators are consequently subject to forfeiture pursuant to 22 U.S.C. §401, 28 U.S.C. §2461(c) and 18 U.S.C. §981(a)(1)(c).  Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.  The forfeitures may be carried out criminally, civilly, or administratively in the U.S. Attorney's discretion.

Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the U.S. Attorney to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to

the forfeiture of all such assets.

## 12.   Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

## 13.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

## 14.   Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

## 15.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated November 28, 2007, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9

16.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

17.   Complete Agreement

This letter contains the complete and only agreement between
the parties relating to the disposition of this case.   No
promises, representations or agreements have been made other than
those set forth in this letter, and in the proffer agreement
dated November 28, 2007 .  This Agreement supersedes prior
understandings, if any, of the parties, whether written or oral,
with the sole exception of those contained in the proffer
agreement dated November 28, 2007.  This Agreement can be
modified or supplemented only in a written memorandum signed by
the parties or on the record in court.

If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney B. Stephanie Siegmann.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _James B. Farmer_

JAMES B. FARMER, Chief
Anti-Terrorism & National
Security Section

JEFFREY AUERHAHN
B. STEPHANIE SIEGMANN
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter. I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties

10

potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial.   I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.

_____          _____
Desmond Dinesh Frank                      DATE

    I certify that Desmond Dinesh Frank, has read this Agreement
and that we have discussed its meaning.  I believe he understands
the Agreement and is entering into the Agreement freely,
voluntarily and knowingly.

_____          _____
Michael Bourbeau                          DATE
Counsel for Frank