```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,             ) Cr. No. 07-10382-PBS
                                      )
                    Plaintiff,        )
         v.                           )
                                      )
DESMOND FRANK                         )
                    Defendant.        )
_____)
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(d) and 18 U.S.C. § 3553(a)**

*It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.* United States v. Koon, 518 U.S. 81, 113 (1996)

This memorandum is being submitted to assist this Honorable Court in sentencing Mr. FRANK by explaining why Mr. FRANK's recommendation of **time served and three years of supervised release** is a reasonable and appropriate sentence pursuant to 18 U.S.C. § 3553(a), including any consideration of the United States Sentencing Guidelines and F.R. Cr.P. Rule 32(d)(1)(2) as amended December 1, 2007 to conform to United States v. Booker 543 U.S. 220 (2006).

The First Circuit in United States v. Vega-Santiago, 519 F.3d 1, 9 (1st Cir. 2008), *en banc* reiterated the importance of a district court examining all the 3553(a) factors in addition to the Sentencing Guidelines:

1

Under Booker, Rita v. United States, 127 S. Ct. 2456 (2007), and now Gall v. United States, 128 S. Ct. 586 (2007), the sentencing inquiry, after calculating the guideline range, is far more broad, open-ended and discretionary. Under Booker, the district court must independently consider the statutory sentencing factors, 18 U.S.C. § 3553(a), which are phrased in very general terms (e.g., "the nature and circumstances of the offense"; the need for the sentence to "to reflect the seriousness of the offense"). A variant sentence may then be imposed based on a complex of factors whose interplay and precise weight cannot even be precisely described.

The district judge draws on information from the trial, the pre-sentence report and the parties' commentary, the defendant's allocution, victims' statements, letters, its own review of these materials before the sentencing hearing and whatever is added during the hearing. Throughout the hearing, the judge may well be revising his views depending on what is presented and how counsel respond to questions. This is a fluid and dynamic process and the court itself may not know until the end whether a variance will be adopted, let alone on what grounds.

In United States v. Rita, supra, the Supreme Court made clear that following *Booker*, the trial courts must *not* give any presumption to the Sentencing Guidelines.  Also, in United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) the First Circuit expressed the importance of the imposition of a discretionary "reasonable sentence;" noting that the "guidelines are still generalizations that can point to outcomes that may appear unreasonable to sentencing judges in particular cases" ...).

Recently in United States v. Rodriguez, 2008 U.S. App. LEXIS 11825, 16-17 (1st Cir. P.R. June 4, 2008)the First Circuit went on to explain that:

2

> [E]mergent case law signals that, under an advisory guideline regime, sentencing has become a steadily more open-ended enterprise. See, e.g., Gall, 128 S. Ct. at 597 (discussing a sentencing court's superior coign of vantage "to find facts and judge their import under § 3553(a)"). Recent decisions of this court have noted this reality. See, e.g., Martin, 520 F.3d at 92; United States v. Vega-Santiago, 519 F.3d 1, 4 (1st Cir. 2008) (en banc).
>
> Building on the foundation laid in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), *Kimbrough* [Kimbrough v. United States, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007] lends a new flexibility to the scope of the district courts' sentencing authority and, in the bargain, removes a formidable obstacle to the consideration of matters such as fast-track disparity. We refer specifically to the *Kimbrough* Court's enlargement of a sentencing court's capacity to factor into the sentencing calculus its policy disagreements with the guidelines. *Kimbrough*, 128 S. Ct. at 570. This makes plain that a sentencing court can deviate from the guidelines based on general policy considerations. Id.

As set forth below, the Guideline calculation by Probation in this particular case, PSR ¶s 52-66, of **46-57** months, based on a Guideline offense level of 23, and a Criminal History Category of I, is in error and does **not** reasonably reflect all the sentencing factors or concerns of an individualized sentence for Mr. FRANK, whose offense characteristics and individual characteristics are an example of the *"unique study in the human failings that sometimes mitigate"* a sentence, Koon supra.

**MR. FRANK'S BACKGROUND   18 U.S.C. § 3553(A)(1)...**

Mr. FRANK is a 30 year old citizen of Malaysia with **no prior criminal record**. He is college educated in Malaysia, earning a degree in mechanical engineering. He is also from a hard working

family in the palm oil business.  Since earning his college degree he has worked in several jobs from oil companies to aerospace. This latter job sparked an interest in airplane part acquisitions, whereby he formed his own company. PSR ¶s 88-93. It is his consulting work for this company that gave rise to the instant offense.  His business partner, Mr. Sugumaren, confirmed Mr. FRANK's background information and informed Probation that Mr. FRANK is "a good person' who maintains a healthy lifestyle, did not use drugs or smoke cigarettes and rarely drank alcohol. ...[Mr. FRANK is] an Indian Christian and 'not some terrorist.'" PSR ¶ 92.

**SENTENCING OPTIONS**

This Honorable Court is free to look at **all** the factors of 18 U.S.C. § 3553(a) in imposing a "reasonable sentence"  that is "sufficient, but not greater than necessary to comply with the purposes set forth in this provisionn."  Section 3553(a)(4) specifically "permits the court to tailor the sentence in light of other statutory concerns"  while requiring the sentencing court to consider the Guideline ranges.

Such a sentencing approach is consistent with the view that was expressed by Justice Kennedy in his 2003 speech to the American Bar Association when he openly commented on the unfair severity of federal sentences: "Our resources are misspent, our punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....**The Federal Sentencing Guidelines should be revised downward**...(*emphasis added.*)"

**18 U.S.C. § 3553 SENTENCING FACTORS**

1.  *The nature and circumstances of the offense*, 18 U.S.C. § 3553(a)(1).  In the case at bar, Mr. FRANK, participated in violation of several offenses as a part of a "common scheme or plan" that were all intended to avoid export licensing requirements for airplane parts being sold to restricted countries.  PSR ¶ 56.  He operated as a broker for the sale of airplane parts, flight indicators, to an individual in Hong Kong, and at one time had begun, yet did not complete, discussions with an individual in Iran.  The indicators were designed to be used in flight simulators but could be used in military aircraft. PSR ¶s 10-33. (Aircraft believed to be previously sold to the "restricted  countries" by the United States).   Mr. FRANK was arrested as a result of a sting operation, in which a fake government company offered for sale the items, without complying with the required licensing, and Mr. FRANK came to Hawaii to take delivery.  There is absolutely no evidence that Mr. FRANK intended any harm to anyone by way of his actions.

1B.  *The history and characteristics of the defendant .*
     As set forth above, and in the PSR, the instant offense is an aberration in an otherwise hardworking and law-abiding life.

(2)(A) (B) (C).     *The need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant."*

Mr. FRANK stands convicted of several felonies.  He has been incarcerated for almost 11 months (since October 8, 2007). That incarceration and the consequences of felony convictions in today's society, even as a foreigner, reflects the seriousness of the offense and provides just punishment.  Mr. FRANK will also be excluded from the United States and most likely many business opportunities.  The proposed time served sentence of approximately 11 actual months (exceeding a sentence of one year and a day, complies with the need for some punishment for his conduct.

28 U.S.C. § 994(j) directed the Sentencing Commission to insure that the Guidelines "reflect the general appropriateness of imposing a sentence of **other than imprisonment in cases in which a defendant is a first offender** who has not been convicted of a crime of violence or otherwise serious offense...."  That, the Commission has not done.  F.R.Cr.P. Rule 32(d)(2)(C) also directs Probation to discuss, when appropriate, "the nature and extent of *non prison* programs and resources available..." *emphasis added..* [1]

As indicated, Mr. FRANK has no prior record or any history of criminal activity.  He was not involved in a crime of violence or otherwise serious offense (assumed to be career offender predicates) and, as directed by Congress, it is certainly appropriate to consider a sentence without further incarceration.


2 (D) *"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."*

---

[1] Of note is that the Sentencing Commission is only recently considering alternatives to incarceration, see  http://www.ussc.gov/symp_agenda7_08.pdf

This provision is not applicable to Mr. FRANK who will either be allowed to voluntarily return to Malaysia or be deported.

(4). *The applicable category of offense under the Advisory Guidelines.*

Mr. FRANK respectfully submits that Probation has erred in its calculations of the Sentencing Guidelines as set forth in the objections. Mr. FRANK submits that the correct Guideline range is **Level 15, Category I, with an imprisonment range 18-24 months,** without departure or variance.  The base offense level of 26 pursuant to U.S.S.G. § 2M5.2 is not be applicable because the "assumption" of harm does not exist, see Application Note 2 and a base offense level, or sentence reflective of actual or intended conduct should be chosen.

(6). *The need to avoid unwarranted sentence disparities with similar records who have been found guilty of similar conduct.*

This Honorable Court, is best able to assess how the Court has treated similar offenders with similar records.  In that the Guidelines do not differentiate between offenders who engage in sales of jet airplanes and large weapons systems from those who engage in only sales of small parts (other than small arm sales) there is little question that there would be a gross disparity in treating the two offenders equally as the Guidelines appear to direct, in that the conduct and culpability is not equal.

**Reasons for Departure from Applicable Guideline Level, and/or Variance with the Guidelines based on 18 U.S. C. § 3553(a) factors.**

In addition to the expected U.S.S.G. § 5K1.1 motion, there are numerous reasons why the Court could both depart below the advisory Guideline level as well as impose a sentence in variance

with the Guidelines in accordance with 3553(a) factors.  For example, the Court could consider:

1. Mr. FRANK's extraordinary acceptance of responsibility. Once arrested Mr. FRANK immediately admitted his involvement;

2. Aberrant behavior in that the instant offense was an exception to an otherwise, law abiding hardworking, life;

3.  The nature of the offense itself, which was not harmful, or intended to be harmful to the United States. See PSR ¶ 128. The intended offense, or culpability, was for Mr. FRANK to acquire certain airplane parts (for flight simulators) without export licencing requirements for said items.  At no time is it alleged that Mr. FRANK intended any harm by his conduct. Although Probation has suggested that the chosen offense level may be subject to *departure*, PSR ¶ 128, Mr. FRANK submits that this a situation where the Guidelines do not adequately address the offense conduct for which Mr. FRANK is charged because the base offense level *assumes* that the offense conduct was harmful or had the potential of being harmful.  The instant offense does not involve arms or weapons of any kind and had no potential of being "harmful" to any interest of the United States; and

4. Any disparity of the sentences for similar offenders involving similar offense conduct.

## CONCLUSION - SENTENCING RECOMMENDATION

WHEREFORE, DESMOND FRANK , for each of the reasons set forth above,  respectfully requests this Honorable Court to sentence

him to a sentence of **time served** followed by **three years of supervised release**.  Mr. FRANK further respectfully requests that the Court find that he has no ability to pay a fine and that he be allowed to voluntarily depart the United States at his own expense.  Such an sentence would be warranted in the interest of justice.

Date: August 13, 2008              Respectfully submitted,

*S/ Michael C. Bourbeau*

MICHAEL C. BOURBEAU BBO# 545908
77 Central Street, 2nd fl
Boston, MA 02109
(617) 350 6565

Attorney for Defendant
DESMOND FRANK

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*S/ Michael C. Bourbeau*