FILED UNDER SEAL - PLEASE DO NOT SCAN

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO.: 07-10382-PBS |
| | ) | |
| DESMOND DINESH FRANK, | ) | |
| Defendant. | ) | **FILED UNDER SEAL WITH LEAVE** |
| | ) | **OF COURT** |

### UNITED STATES' MOTION FOR DOWNWARD DEPARTURE
### PURSUANT TO U.S.S.G. § 5K1.1

The United States of America hereby moves for a downward departure pursuant to

U.S.S.G. § 5K1.1.  For the reasons set forth below, the government requests that this Court grant

the motion and recommends that this Court sentence the defendant to 42 months imprisonment ,

which constitutes a 40% reduction from the imprisonment range for level 27 (**or** 28 months

imprisonment if the Court adopts Probation's calculation of a total offense level of 23) and three

years of supervised release.

### DISCUSSION

**I.  Procedural History**

On May 16, 2008, the defendant, Desmond Dinesh Frank ("Frank" or the "defendant"),

pleaded guilty to a six-count indictment charging him with Conspiracy, in violation of 18 U.S.C.

§ 371 (Counts 1 and 2); Unlawful Export of Defense Articles, in violation of 22 U.S.C. §§

2778(b)(2) and 2778 (c) and 22 C.F.R. §§121.1, 123.1, and 127.1(a)(1) (Count 3); Smuggling

Goods from the United States, in violation of 18 U.S.C. §554 (Count 4); and Money Laundering,

**FILED UNDER SEAL - PLEASE DO NOT SCAN**

in violation of 18 U.S.C. §1956(a)(2)(A) (Counts 5 and 6). These charge arose from Frank's

efforts to illegally procure U.S. military items and other goods for two different customers, one

located in the Islamic Republic of Iran and the other located in the People's Republic of China.

Frank faces a guideline sentencing range, absent a departure, of either 70-87 months

imprisonment according to the government's calculations contained in the Plea Agreement or 46-

57 months of imprisonment pursuant to Probation's calculations contained in the Pre-Sentence

Report. [PSR ¶ 108].

## II.   Cooperation

Immediately upon arrest, the defendant was fully cooperative with law enforcement. He

answered all questions and consented to the search of his hotel room in Hawaii and the search of

his lap top computer. At the request of law enforcement, he placed two telephone calls to two

individuals in Malaysia with whom he had conspired to unlawfully procure and export military

items to China. Since his arrest, Frank has continued to cooperate and has, on multiple

occasions, met with Special Agents of Immigration and Customs Enforcement and the

Department of Commerce, Office of Export Enforcement, as well as prosecutors. During these

meetings, Frank has provided extensive information regarding his co-conspirators located in

Malaysia and Hong Kong including their identities (e.g., names, physical descriptions, e-mail

addresses, etc.), the businesses with which they are associated, and their illegal activities. He

also assisted the agents in analyzing his personal computer. On June 26, 2008, Frank also

provided testimony before the grand jury regarding his co-conspirators.

## III.  Downward Departure

Under U.S.S.G. § 5K1.1, a downward departure may be appropriate "[u]pon motion of

2

**FILED UNDER SEAL - PLEASE DO NOT SCAN**

the government stating that the defendant has provided substantial assistance in the investigation

or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. Section

5K1.1 instructs the Court to consider a range of factors in evaluating a substantial assistance

motion, including, but are not limited to, the following:

    (1)    the court's evaluation of the significance and usefulness of the defendant's
            assistance, taking into consideration the government's evaluation of the assistance
            rendered;

    (2)    the truthfulness, completeness, and reliability of any information or testimony
            provided by the defendant;

    (3)    the nature and extent of the defendant's assistance;

    (4)    any injury suffered, or any danger or risk of injury to the defendant or his family
            resulting from his assistance;

    (5)    the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a); United States v. Mills, 329 F.3d 24, 31 (1st Cir. 2003).

Application of these factors to Frank's cooperation in this case leads to the inescapable

conclusion that a downward departure is appropriate. The government believes that Frank's

assistance was critical in the current and future prosecution of his co-conspirators, one of which

is believed to have participated in many illegal sales of U.S. origin goods. Frank's cooperation

was immediate and, therefore, timely. Frank has repeatedly met with agents from the

Immigration and Customs Enforcement and answered questions regarding his communications

with, and knowledge of the whereabouts of, his co-conspirators. Most recently, Frank has

testified before the grand jury as to the identities and conduct of his co-conspirators. Thus, under

the factors set forth in § 5K1.1, Frank's cooperation makes a departure appropriate.

**FILED UNDER SEAL - PLEASE DO NOT SCAN**

## IV.   Recommendation

For the reasons set forth above, the government recommends that this Court sentence

Frank to 42 months imprisonment , which constitutes a 40% reduction from the imprisonment

range for level 27 (**or** 28 months imprisonment if the Court adopts Probation's calculation of a

total offense level of 23) and three years of supervised release.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

B. STEPHANIE SIEGMANN
JEFFREY AUERHAHN
Assistant U.S. Attorneys

Date: August 26, 2008

### Certificate of Service

I do hereby certify that a copy of foregoing was served by hand upon counsel of record for
the defendant on this 26th day of August 2008.

_____
B. Stephanie Siegmann